IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ENTREWEALTH, LLC and | § | |
| JEFFREY SOCHA, | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | No. 1:25-CV-565-ADA |
| | § | |
| PATRICK LONERGAN, and | § | |
| THE LONGERGAN GROUP, LLC, | § | |
| *Defendants* | § | |

## ORDER

Before the Court are Plaintiff Entrewealth LLC and Jeffrey Socha's ("Plaintiffs") unopposed motions for leave to file sealed documents. Dkts. 24; 28. The Court ordered Plaintiffs to submit supplemental briefing in support of their motion because while they stated that the at-issue documents contained confidential information protected under the parties' protective order, they did not point to any confidential information contained in the exhibits or show how, if made public, this information might be harmful to either party. *See* Dkts. 24; 28; 31; 40; *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at \*4 (E.D. La. Aug. 12, 2015) ("[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." (citing *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015))).

1

In their supplemental briefing, the parties indicated that they had agreed to the public filing of certain exhibits, Dkts. 28-2; 28-3; 28-5,[1] with redactions. Dkt. 41, at 5. The parties further agreed to certain redactions to other documents, though Defendants Partick Lonergan and The Lonergan Group, LLC (together, "Lonergan") requested further redactions past those to which Plaintiffs agreed. *Id.* at 5-23. The Court accepts the agreed redactions to the above-referenced documents and addresses each of these disputed proposed redactions below.

First, the parties disagree as to the redaction of "personnel information" and "third-party relationships" within the deposition of transcript of Carey Hilburn. Dkt. 41-5. Plaintiffs contend that Lonergan's additional proposed redactions to this transcript implicate only "publicly available information" since the personnel names in the transcript are displayed on Lonergan's website. Dkt. 41, at 7. In requesting further redactions, Lonergan did not follow the Court's directive to "not only point to specific confidential information contained in the document" but also "show the specific harm that would be suffered if the public were granted access to" the information contained in each proposed additional redaction. *Omega*, 2015 WL 13534251, at *4 (citing *N. Cypress*, 781 F.3d at 204). Moreover, apart from arguing that their additional proposed redactions "are consistent with Fifth Circuit practice and local rules," Lonergan did not identify any case law suggesting that names of

[1] Several of the at-issue documents are exhibits to the Lonergan deposition transcript, Dkt. 28-5, and were filed within the exhibit containing that transcript. The parties stated in their joint advisory that they had agreed to certain redactions to Exhibits 9, 11, 13, 16, 17, 26, and 29 to this deposition transcript. *See* Dkts. 28-5; 41, at 5.

their own personnel or third-parties with which Lonergan has relationships are considered confidential business information for the purposes of sealing. Dkt. 41, at 7-8.[2] The parties may file the Hilburn deposition with the agreed-upon redactions only.

As to the Joint Venture Agreement and Customer Contract attached to the Lonergan deposition, the parties attached a proposed redacted version of these documents to their supplemental briefing, Dkts. 41-1; 41-4.[3] Lonergan once again requested additional redactions to this document but did not identify those redactions or any harm that would result to it if these unidentified proposed redactions were made public. Dkt. 41, at 8-10. It is also unclear what Lonergan's position as to the Customer Contract is given that it simultaneously requested additional redactions yet ultimately proposed that the exhibit be "[f]ile[d] publicly with agreed redactions identified above." *Id.* at 9-10. Lonergan has already had two opportunities to specifically identify proposed redactions, the harm that would result without those redactions, and any case law supporting its position, and has failed to do so. *See id.*; *see also Omega*, 2015 WL 13534251, at *4. The Court thus rejects Lonergan's request

---

[2] Lonergan continues to improperly rely on confidentiality designations in arguing for further redactions to this deposition transcript. Dkt. 41, at 19; *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) ("That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record.").

[3] Although these exhibits are labeled "Defendants Proposed EXH 10_Redacted" and "Defendants Proposed EX 27 Redacted," the parties indicated in their joint advisory that the version of the Joint Venture Agreement attached to the advisory reflects the "targeted redaction of agreed financial terms." Dkt. 41, at 8-9. To avoid any confusion, the Court will order the parties to re-file these exhibits consistent with the rulings contained in this Order.

for additional redactions to these documents. The parties may file the Joint Venture Agreement and Customer Contract with the agreed-upon redactions only.

Finally, the parties agreed to certain redactions of personal-identifying information and third-party clients identified in the Lonergan deposition transcript. Dkts. 41, at 10-11; 41-6. Lonergan requests further redactions to protect client names, "personnel information and third-party relationships," as well as "settlement negotiations" and "trademark valuation[.]" Dkt. 41, at 14-15. Lonergan has once again failed to identify the specific harm that would be suffered if these redactions are not made, stating only that the at-issue information "constitute[s] protectable confidential/commercial information" and that "[t]he harm of this disclosure is only to the Defendants." *Id.* Neither of these explanations is sufficient to meet Lonergan's burden in seeking to seal additional portions of this transcript. *Clark v. Cap. One Auto Fin.*, No. 4:21-CV-00269-SDJ-CAN, 2021 WL 12311042, at *1 (E.D. Tex. June 21, 2021) ("'The burden is on the party seeking to seal court documents to establish that the presumption of public records should be overcome.' And that burden is a heavy one." (quoting *Torres-Montalvo v. Keith*, No. C-11-161, 2011 WL 5023271, at *2 (S.D. Tex. Oct. 17, 2011))). The Court similarly rejects Lonergan's request for further redactions to the Lonergan deposition transcript.

Based on the foregoing discussion, **IT IS ORDERED** that Plaintiffs' motions to seal, Dkts. 24; 28, are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the parties shall re-file each of the documents at issue in the motions to seal, either publicly or with the agreed-upon redactions, within fourteen days of this Order.

**SIGNED** April 8, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE